**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000094
31-OCT-2025
08:13 AM
Dkt. 92 SO**

NO. CAAP-23-0000094

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR
THE HOLDERS OF THE ELLINGTON LOAN ACQUISITION TRUST 2007-2,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2,
Plaintiff-Appellee,
v.
JAILANIE C. BARNACHEA, Defendant-Appellant,
CREDIT ASSOCIATES OF MAUI, LTD.; SOARING CAPITAL, LLC,
Defendants-Appellees,
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,
Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC161000379(3))

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Jailanie C. Barnachea (**Barnachea**)

appeals from the Circuit Court of the Second Circuit's

January 27, 2023 "Findings of Fact, Conclusions of Law and Order

Granting [Plaintiff-Appellee HSBC Bank USA, National Association

as Trustee for the Holders of the Ellington Loan Acquisition

Trust 2007-2, Mortgage Pass-Through Certificates, Series 2007-

2's (**HSBC Bank**)] Motion for Summary Judgment Against All

Defendants and for Interlocutory Decree of Foreclosure" (**Summary Judgment Order**) and January 27, 2023 Judgment.[1] (Formatting altered.)

On appeal, Barnachea contends the circuit court erred in granting HSBC Bank's motion for summary judgment. To support her contention, Barnachea argues, among other things, that HSBC Bank failed to establish the documents relied upon to support the motion for summary judgment were trustworthy.[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and vacate and remand.

We review the grant or denial of summary judgment de novo. Nationstar Mortg. LLC v. Kanahele, 144 Hawaiʻi 394, 401, 443 P.3d 86, 93 (2019). The burden is on the summary judgment movant "to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a

---

[1] The Honorable Kelsey T. Kawano presided.

[2] Barnachea presented three other bases to support her contention that the circuit court erred in granting the motion for summary judgment. Barnachea argues (1) HSBC Bank failed to show notice of the default was sent to her, (2) HSBC Bank failed to show the entity that assigned the Mortgage to HSBC Bank had legal authority to make the assignment, and (3) she raised a disputed issue of fact that the increases in the interest rate on the Note were unfair and deceptive trade practices.

Because we vacate the circuit court's January 27, 2023 Summary Judgment Order and January 27, 2023 Judgment, we do not reach these additional bases.

matter of law." Umberger v. Dep't of Land & Nat. Res., 140 Hawaiʻi 500, 528, 403 P.3d 277, 305 (2017) (citations omitted). As summary judgment movant, "the plaintiff must establish, as a matter of law, each element of its claim for relief by the proper evidentiary standard applicable to that claim." Ocwen Fed. Bank, FSB v. Russell, 99 Hawaiʻi 173, 182-83, 53 P.3d 312, 321-22 (App. 2002).

A party seeking to foreclose under a note and mortgage must "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 367, 390 P.3d 1248, 1254 (2017). Under Hawaiʻi Rules of Evidence Rule 803(b)(6), incorporated records may be admitted into evidence "when a custodian or qualified witness testifies that (1) the documents were incorporated and kept in the normal course of business, (2) . . . the incorporating business typically relies upon the accuracy of the contents of the documents, and (3) the circumstances otherwise indicate the trustworthiness of the document." U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 325-26, 489 P.3d 419, 429-30 (2021) (citation modified).

Here, HSBC Bank did not put forth admissible evidence of Barnachea's initial default on the Note.

Fremont Investment & Loan was the original lender on the Note, secured by the Mortgage.  In its motion for summary judgment, HSBC Bank claimed that the "Holders of the Ellington Loan Acquisition Trust 2007-2, Mortgage Pass-Through Certificates, Series 2007-2," for whom it was acting as trustee, became the owner of the Note, and an Assignment of Mortgage was recorded in the Bureau of Conveyances on August 16, 2012. (Formatting altered.)

HSBC Bank also claimed Barnachea's "Initial Default Date" was August 1, 2009, and she made her last regular payment on August 5, 2010.

To support its motion for summary judgment, HSBC Bank submitted a declaration from Rebecca C. Wallace (**Wallace**), of Nationstar Mortgage LLC d/b/a/ Mr. Cooper (**Nationstar**); an affidavit from Tyneria Denee McMillion (**McMillion**) of Bank of America, N.A. (**BANA**); and records from BANA and Nationstar.

Wallace's declaration includes statements suggesting Nationstar's records are trustworthy, such as the information Nationstar received from BANA was "validated in many ways, including, but not limited to, going through a due diligence phase, review of hard copy documents, and review of the payment history and accounting of other fees, costs, and expenses charged to the loan by Prior Servicer."  But BANA was not the servicer at the time of the Initial Default Date.

4

According to McMillion, BANA became the loan servicer on or about March 1, 2010, about seven months after the Initial Default Date. Servicing of the loan was then transferred from BANA to Nationstar on or about July 1, 2013. Thus, neither BANA nor Nationstar were the servicers at the time of the Initial Default Date. And nothing in McMillion's affidavit indicates BANA incorporated records from another entity or explains what BANA did to confirm the trustworthiness of information it received from prior servicers and passed on to Nationstar.

As such, HSBC Bank failed to prove all elements of its claim to show it was entitled to judgment as a matter of law. Thus, the circuit court erred in granting HSBC Bank's motion for summary judgment.

Based on the foregoing, we vacate the circuit court's January 27, 2023 Summary Judgment Order and January 27, 2023 Judgment and remand this case for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, October 31, 2025.

On the briefs:

Keith M. Kiuchi,
for Defendant-Appellant.

Lansen H.G. Leu,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge